Green, J.
delivered the opinion of the court.
In this cause, the plaintiff in error was indicted for passing counterfeit eoin. The record shows, that the grand jury returned into court, the indictment, “a true bill,” which indictment was spread on the minutes of the court as the law directs. Afterwards, the following entry appeared, viz: “State of Tennessee against Eliza McKinley. On motion of the attorney general on a former day of this term, leave was granted him by the court to recommit- this indictment to the grand jury for amendment, and the same was this day presented to the court, with the following amendment, the word “that” is inserted after the word “present” in the'first count of the indictment, and it is ordered by the court, that the word, “that” so added to the indictment, be inserted in the record of the samé'.”
Upon the trial, the defendant was found guilty, and judgment was pronounced upon the verdict, from which judgment she appeals to this court.
The only error insisted upon here, is, that there is no evidence in this record, that the amendment of the indictment was made by the grand jury.
*74 The record states, that the attorney general obtained leave to recommit the indictment to the grand jury for amendment, 'but it does not appear that it was ever placed before them — or, if it was actually recommitted to them, there is no evidence in the record that they returned it into court with the amendment, so as to verify the amendment as their act. The record says, “that the same was this day presented to the court with the following amendment,” &c., but by whom presented is not shown. Prom aught that appears, the attorney general may have made the amendment without the intervention of the grand jury. But the attorney general has no such power; and the insertion by him, of such an amendment, without the action of the grand jury, on the order of the court, would vitiate the indictment.
But, it is said, the amendment is, as to matter of form only, and such an one as the court might have made, and that we are to regard the order of the court as sanctioning the amendment. -Perhaps the amendment may be considered one of form only, and such as the court had power to make; but the entry negatives the idea that the amendment was made by the court. After reciting that the amendment had been made, the record proceeds — “And it is ordered by the court, that the word, “that” so added to said indictment, be inserted in the record of the same.”
The only thing the court here ordered, is, that the amendment which had been made should be inserted in the record of the indictment as spread upon the minutes of the court; so that the copy recorded should correspond with the original.
The amendment was not, therefore, made by the court,' and there is no evidence that it was made by the act of the grand jury; consequently, it was made without authority of law, and the plaintiff in error should not have been held to answer it.
The judgment must be reversed and arrested, and the plain *75 tiff in error will be recognized to appear at the next circuit court of Jackson county, to answer a new indictment.